United States District Court
Southern District of Texas
**ENTERED**
June 26, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JESSE DRONES, <br> TDCJ # 00472216, <br><br> Petitioner, <br><br> v. <br><br> BOBBY LUMPKIN, Director, <br> Texas Department of Criminal <br> Justice – Correctional <br> Institutions Division, <br><br> Respondent. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. H-24-2316 |

## MEMORANDUM OPINION AND ORDER

State inmate Jesse Lee Drones (TDCJ #00472216) is currently in custody of the Texas Department of Criminal Justice ("TDCJ"). He has filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 ("Petition") (Docket Entry No. 1), challenging a state court conviction for assault on a public servant in Walker County, Cause No. 20,028-C.[1]  After reviewing all of the pleadings, the petitioner's litigation history, and the applicable law as required under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the court will dismiss this action for the reasons explained below.

---

[1] Although the petitioner lists unspecified "State of Texas Officers [and] Employees" as the respondent, the court substitutes Director Bobby Lumpkin of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") as the proper party pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

## I. Background

Public records available from TDCJ reflect that Drones was convicted and sentenced to 35 years' imprisonment in three separate cases on December 30, 1987, for the following offenses committed in Harris County: burglary of a habitation with intent to commit sexual assault (Cause No. 488772); burglary of a habitation with intent to commit theft (Cause No. 486204); and aggravated robbery with a deadly weapon (Cause No. 486228).[2] Subsequently, Drones was convicted by a jury in Walker County and sentenced in 2002 to serve an additional 15 years' imprisonment for assault on a correctional officer (Cause No. 20,028-C). See Drones v. Cockrell, Civil No. H-03-5191 (S.D. Tex. Feb. 14, 2005) (Docket Entry No. 13, pp. 3-4).

Drones has challenged each of these convictions previously under 28 U.S.C. § 2254, and each one has been upheld on federal habeas review. See Drones v. Quarterman, Civil No. H-07-2462 (S.D. Tex. Aug. 23, 2007) (Docket Entry No. 3, pp. 1-3) (summarizing the previous challenges to the convictions entered against Drones and dismissing the petition in that case as an unauthorized successive writ application).

The pending Petition that Drones has filed is difficult to decipher. Drones appears to seek relief from his 2002 assault on

---

[2] See Texas Department of Criminal Justice - Offender Information, available at: https://inmate.tdcj.texas.gov/InmateSearch (last visited June 25, 2024).

-2-

a public servant conviction in Cause No. 20,028-C based on allegations of ineffective assistance of counsel and other vaguely described injustices.[3]  Drones does not provide any comprehensible facts in support of these claims.

## II.  Discussion

This case is governed by the Anti-Terrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2244(b), which imposes restrictions on the filing of "second or successive" applications for habeas relief.  Before a second or successive application may be filed in district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. See 28 U.S.C. § 2244(b)(3)(A).  "Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000) (citing In re Cain, 137 F.3d 234, 235 (5th Cir. 1998)).  When a second or successive habeas application is filed in a district court without prior authorization by the court of appeals the district court must dismiss the application for lack of jurisdiction.  See Burton v.

---

[3] See Petition, Docket Entry No. 1.  To the extent that Drones purports to assert any civil-rights claims under 42 U.S.C. § 1983, the court declines to sever or re-characterize this case as a civil-rights action.  Drones is a three-strikes inmate who is barred from proceeding in forma pauperis under 28 U.S.C. § 1915(g).

-3-

Stewart, 127 S. Ct. 793, 799 (2007) (per curiam) (holding that the district court was required to dismiss an unauthorized second or successive petition for lack of jurisdiction).

A federal habeas petition is not "second or successive" for purposes of 28 U.S.C. § 2244(b) simply because it is submitted "'second or successively in time,'" Magwood v. Patterson, 130 S. Ct. 2788, 2796 (2010) (quoting Panetti v. Quarterman, 127 S. Ct. 2842, 2853 (2007), or "follows an earlier federal petition." In re Cain, 137 F.3d 234, 235 (5th Cir. 1998). "Although [the] AEDPA does not set forth what constitutes a 'second or successive' application, [the Fifth Circuit] has held that 'a later petition is successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ.'" Crone v. Cockrell, 324 F.3d 833, 836-37 (5th Cir. 2003) (quoting Cain, 137 F.3d at 235).

Court records reflect that, in 2003, Drones filed an unsuccessful habeas corpus petition to challenge his conviction for assault on a public servant in Walker County, Cause No. 20,028-C. See Drones v. Cockrell, Civil No. H-03-5191 (S.D. Tex. Feb. 14, 2005) (Docket Entry No. 13). In that proceeding, Drones raised the following claims: (1) his conviction is illegal because of the prejudicial conduct of the parties; (2) his conviction violates the Eighth Amendment; (3) his conviction violates due process and the

prohibition against double jeopardy; (4) TDCJ's prison safety policies violated his due process rights; (5) he was denied effective assistance of counsel; (6) his conviction was the result of an unconstitutional search and seizure; (7) his conviction was obtained through a defective indictment; and (8) the conviction in Cause Number 486228 was improperly obtained. See id. (Docket Entry No. 13, pp. 8-9) (listing claims raised by Drones).

To the extent that his allegations in the Petition can be discerned, Drones appears to raise claims that could have and should have been brought long ago in a prior proceeding because they could have been "discovered previously through the exercise of due diligence." 28 U.S.C. § 2244(b)(2)(B)(i). Therefore, the pending Petition qualifies as successive under § 2244(b). See Crone, 324 F.3d at 836-37. Based on his litigation history, the court concludes further that the Petition also qualifies as an abuse of the writ. As a result, Drones is required to seek authorization from the Fifth Circuit before this court can consider his Petition. Because there is no record that Drones has requested or received authorization to proceed from the Fifth Circuit, this action must be dismissed without prejudice for lack of jurisdiction.[4]

---

[4] Moreover, Drones is a vexatious litigant who has been abusing judicial resources and the court system for well over 20 years. Court records reflect that, since 1997, Drones has filed at least 50 other federal habeas corpus petitions in the district courts. A national case index reflects that Drones has also filed
(continued...)

### III. **Certificate of Appealability**

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. See 28 U.S.C. § 2253. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2569 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1603-04 (2000)). Where denial of relief is based on procedural grounds, the

---

⁴(...continued)
more than 45 prisoner civil rights cases and over 38 appeals to the Fifth Circuit. See Drones v. Davis, Civil No. H-19-127 (S.D. Tex. Jan. 29, 2019) (Docket Entry No. 4, p. 3). As a result of his record of filing frivolous civil actions and appeals, Drones has been sanctioned by the Northern District of Texas and he is barred from proceeding in forma pauperis in any civil rights action or appeal by the "three-strikes" rule found in 28 U.S.C. § 1915(g). See, e.g., Drones v. Davis, Civil No. 1:07-cv-92 (N.D. Tex. May 11, 2007) (Docket Entry No. 2) (sanctioning Drones for his abuse of court resources); Drones v. Medical Security Officials, Civil No. 1:18-cv-66 (N.D. Tex. May 31, 2018) (Docket Entry No. 5) (dismissing the case as frivolous and barring Drones from filing any new civil actions, including habeas corpus actions, without written permission from a district judge). In August 2021, the Fifth Circuit sanctioned Drones $150 for his repeated frivolous filings and ordered that he is "prohibited from further filings without permission of the district court or this court." Drones v. Lumpkin, App. No. 20-20595 (5th Cir. Aug. 13, 2021) (Docket Entry No. 24, p. 3). The Fifth Circuit's docket does not show that Drones has paid the monetary sanction or that the Fifth Circuit gave him permission to file the instant lawsuit.

petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.  For reasons set forth above, this court concludes that jurists of reason would not debate whether the procedural ruling in this case was correct.  Therefore, a certificate of appealability will not issue.

### IV.  Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1. The Petition for a Writ of Habeas Corpus filed by Jesse Drones (Docket Entry No. 1) is **DISMISSED without prejudice**.

2. A certificate of appealability is **DENIED**.

3. The court further **CERTIFIES** that any appeal from this decision is not taken in good faith for purposes of Fed. R. App. P. 24(a)(3) and that the petitioner is not eligible to proceed without prepayment of the filing fee.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the petitioner.

**SIGNED** at Houston, Texas, on this the 26th day of June 2024.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE